UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case Number 0:11-cv-60020-WJZ

S & S DIESEL MARINE SERVICES, INC.

    Plaintiff,

v.

M/V "F-TROOP", that certain 1991, 53 foot Viking Motor Vessel, bearing Hull Identification Number VKY53135B191, including her engines, tackle, apparel, and appurtenances, *in rem*; and,
PAUL FLEISCHER, *in personam*,

    Defendants,
_____/

### PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION RE: POST-ARREST HEARING
(*See*, D.E. 29 and D.E. 31)

Plaintiff, S & S DIESEL MARINE SERVICES, INC., ("S&S DIESEL"), by and through its undersigned attorney, hereby files this memorandum in response to Courts order granting Defendant, PAUL FLEISHER's, ("FLEISHER"), motion for post-arrest hearing, and as to the amount of bond to be posted for release of the *in rem* Defendant, F-TROOP:

1. On or about March 26, 2011, pursuant to Plaintiff's claim of maritime lien and the order of the District Court, the Marshal arrested the *in rem* Defendant, M/V F-TROOP in this action.

2. On April 15, 2011, FLEISHER filed his motion for post-arrest hearing to show cause as to why the arrest should not be vacated and for hearing to establish the terms of release of the F-TROOP in case arrest would not be vacated.

3. On April 20, 2011, this Court referred the issue to the United States Magistrate for disposition and on April 25, 2011 the United States Magistrate entered her order granting a post-arrest show cause hearing.

4. Plaintiff will show that the arrest of the F-TROOP in this action should not be vacated because, as set forth in its Verified Complaint in Admiralty, Plaintiff has a prima facie case for its maritime claim of lien in the fairly stated principal amount of $83,032.94.

5. This issue is governed by Supplementary Admiralty Rule E(4)(f);

> "(f) *Procedure for Release From Arrest or Attachment*. Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. This subdivision shall have no application to suits for seamen's wages when process is issued upon a certification of sufficient cause filed pursuant to Title 46, U.S.C. §§ 603 and 604 2 or to actions by the United States for forfeitures for violation of any statute of the United States."

and,

Local Admiralty Rule C(7);

> "(7) **Post-arrest Proceedings.** Coincident with the filing of a claim pursuant to Supplemental Rule E(4)(f), and Local Admiralty Rule C(6)(a), the claimant may also file a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated. If the Court grants the order, the Court shall set a date and time for a show cause hearing. Thereafter, if the Court orders the arrest to be vacated, the Court shall award attorney's fees, costs, and other expenses incurred by any party as a result of the arrest.
>
> Additionally, if the seizure was predicated upon a showing of "exigent circumstances" under Local Admiralty Rule C(6)(b), and the Court finds that such exigent circumstances did not exist, the Court shall award attorneys' fees, costs and other expenses incurred by any party as a result of the seizure."

6. In a post-arrest show cause hearing, Plaintiff's burden is limited to making a prima facie case for its maritime lien. *See*, Advisory Notes to Local Admiralty Rule C(7), *and*, <u>Seatrade Group N.V. v. 6,785.5 Tons of Cement</u>, WL 3878026 (S.D. Tex 2006).

7. "The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond." <u>Salazar v. Atlantic Sun</u>, 881 F.2d 73, 79 (C.A.3 NJ 1989). In fact, "Generally speaking, an exhaustive adversarial hearing is not necessary for resolution of those issues. Thus, in many instances we would expect that an informal proceeding, perhaps in the nature of a conference before the district court, supplemented by affidavits and legal memoranda as directed by the court might be sufficient." <u>Id</u>.

8. In resolving the matters at issue in a post-arrest show cause hearing, the Court should not allow the hearing to be turned into a mini trial. *PDS Gaming Corp. v M/V Ocean Jewell of St. Petersburg*, Slip Copy 2007 WL 2988798 (C.A.11 Fla. 2007).

9. In order to meet its burden in a post-arrest show cause hearing, Plaintiff need only establish a prima facie case for a maritime lien. And, "[i]n order to prove a maritime lien under the statute, [Plaintiff] must show (1) that it furnished repairs, supplies or other necessaries, (2) to the vessel, (3) upon the order of the owner of the vessel or a person authorized by the owner under 46 U.S.C. § 31341.... The term "necessaries" includes "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). Courts have interpreted "necessaries" to include "any goods and services 'reasonably needed' in a ship's business for a vessel's continued operation."" *Constructive Hands, Inc. v. Baker*, 446 F.Supp.2d 88, 92 (N.D.N.Y. 2006).

10. Section § 31342. Establishing maritime liens provides:

(a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner –
  (1) has a maritime lien on the vessel;
  (2) may bring a civil action in rem to enforce the lien; and
  (3) is not required to allege or prove in the action that credit was given to the vessel.
(b) This section does not apply to a public vessel.

11. Consistent with its verified complaint, Plaintiff will show that it has a valid maritime lien, and thus, that the arrest should not be vacated.

12. Upon conclusion that the arrest is valid, the Court should proceed to determine the amount of the security required to release F-TROOP. This issue is governed by Supplemental Admiralty Rule E(5).

13. Supplemental Admiralty Rule E(5) states that the amount of the security that the Court must require shall be fixed to cover the amount of the Plaintiff's claim fairly stated with accrued interest and cost and the security shall be conditioned for the payment of the principal sum plus interest at the amount of 6% per year.

14. Plaintiff, S&S DIESEL, will show that the amount of its claim fairly stated is $83,032.94 in principal; that accrued interest is $2,966.00; and, that the cost for the Marshal to arrest was $2,500.00.

15. Because the ultimate recovery against the *in rem* Defendant will be limited to the amount of the bond, it is prudent for the Court to err on the high side when determining the amount of the bond. 20th Century Fox Film Corp. v M.V. Ship Agencies, Inc., 992 F.Supp. 1429, 1434 (M.D.Fla. 1997).

16. Accordingly, Plaintiff submits that the amount of the bond or other security required to release the F-TROOP must be no less than $98,403.04. This amount represents $83,032.94 in principal, plus $2,906.15 in accrued interest, $2,500.00 in costs, and interest on the principal amount for 2 years in the amount of $9,963.95.

WHEREFORE, Plaintiff asks this Court to find good cause for the arrest of the *in rem* Defendant, F-TROOP and to require security in at least the amount of $98,403.04 in order for the release of the F-TROOP.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2011, the foregoing was electronically filed with the Clerk of Court using the CM/ECF and that the foregoing document is being served this day on Stroup & Martin, P.A., as attorneys for Defendant/CounterPlaintiff, PAUL FLEISHER, 119 Southeast 12th Street, Fort Lauderdale, Florida 33316, jstroup@strouplaw.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WILLIAM STACEY, P.A.

By: _____
William E. Stacey, Jr., Esq.
Florida Bar Number 940460
PO Box 460053
Fort Lauderdale, Florida 33346
Tel (954) 761-9898, Fax (954) 260-4145

Attorneys for the Plaintiff, S & S DIESEL MARINE SERVICES, INC.

cc: Counsel of Record
    Substitute Custodian