UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 11-cv-60020-WJZ

S & S DIESEL MARINE SERVICES, INC.,

    Plaintiff/Counter-Defendant,

v.

M/V "F-TROOP" that certain 1991, 53 foot Viking
Motor Vessel, bearing Hull Identification Number
VKY53135B191, including her engines, tackle,
apparel, and appurtenances, *in rem*; and, PAUL
FLEISCHER, *in personam*,

    Defendants/Counter-Plaintiff.

_____/

## CLAIMANT/OWNER'S REPLY TO PLAINTIFF'S POST SUPPLEMENTARY ADMIRALTY RULE E(4)(f) HEARING BRIEF

    COMES NOW, Claimant/Owner, Paul Fleisher ("Fleisher"), by and through his undersigned counsel, and files this Reply to Plaintiff's Post Supplementary Admiralty Rule E(4)(f) Hearing Brief as permitted by Magistrate Judge Rosenbaum [DE 36] and shows:

    1.    Plaintiff, S & S Marine Diesel Services, Inc. ("S & S"), failed to introduce <u>any</u> evidence to support the reasonable value of the "services and goods" allegedly delivered to the M/V *F-Troop* because the only evidence introduced by S & S was the amount of the outstanding contracts in the total sum of $83,032.94 which was the invoiced amounts for the <u>complete</u> job. No evidence was introduced by S & S to support what the reasonable value of the "services and goods" delivered to the vessel was.

    2.    Mr. Brismeur, S & S's owner, testified that the job was **not** complete. (Hearing Transcript, DE 47, page 54, lines 8 - 13; or CM/ECF docket page 10, lines 8 - 13). Plaintiff's

counsel in S& S's post hearing brief confirms "that the work is not 100% complete." (See DE 44, ¶ 15). Therefore, without introducing competent evidence to support how much work was completed and what its reasonable value is to the vessel there is no way for this Court to determine a release bond amount that is not founded upon mere speculation. Stated in a different way, S & S failed to meet its burden of proof to show what work was completed and how much is a reasonable amount for its alleged claim fairly stated.

3. S & S spends a fair amount of space in its post hearing brief arguing against counter-security. This argument is premature because the Court has not yet ruled on vacating the arrest or decided the issue of security is required. Indeed, Fleisher has not yet filed a motion for counter-security. It appears S & S is jumping the gun on counter-security just as it did with regard to final payment not yet due under the rebuild contracts when it arrested the vessel without a contractual basis. Therefore, the Court's time will not be needlessly wasted with rebuttal on this unripe argument.

4. To justify its tenuous legal position, S & S seeks safe harbor in an old, non-binding case called *The Kalfarli*, 277 F. 391 (2d Cir. 1921). By relying upon *The Kalfarli*, S & S tacitly acknowledges it breached the contract and has unclean hands because it:

    (a) demanded changes in the contract's payment terms;

    (b) reneged on conducting a joint sea trial of the engines once S & S and its expert recognized the initial instrument readings showed the engines did not perform to the manufacturer's performance specifications;

    (c) refused to share its expert's engine testing and performance data collected during the unilateral sea trial ("unilateral" in the sense that S & S and its expert ordered Fleisher and his experts, Brian Howe and Matt Schmahl, to leave the engine

room at the initial stage of the sea trial so they could not record the readings from the gauges and instruments attached to the engines);

(d) refused to share the oil test analysis report that it allegedly obtained after the sea trial; and,

(e) demanded to be paid the full amount due under the contracts despite not having completed all of the contracted work nor proving the work was performed in accordance with the manufacturer's specifications.

5. No court has cited to or relied upon *The Kalfari* in more than 50 years. The Supreme Court, 11th Circuit Court of Appeals and the Southern District Court have never cited to nor relied upon *The Kalfari*. The reasoning of *The Kalfari* is far outdated since it's holding is contrary to the modern day provisions of Supplemental Rule for Admiralty or Maritime Claims E(4)(f), E(5) and Local Admiralty Rule 3(g). If the holding of *The Kalfari* was good law then Supplemental Rules E(4)(f), E(5) and Local Admiralty Rule 3(g) would not exist. Why would admiralty courts conduct show cause hearings to determine whether a vessel should be released from arrest or, alternatively, to determine the amount of a release bond if the claimant's alleged maritime lien was unassailable as suggested in *The Kalfari*? Since admiralty courts are given specific powers and discretion to conduct show cause hearings such as the one in the present case, it's obvious the holding of *The Kalfari* is not good law.

6. To summarize, S & S breached the contract by demanding Fleisher pay money not required by the contract terms. S & S also breached the contracts by refusing to conduct a sea trial to prove its work was performed in a workmanlike manner and to show the engines performed in accordance with the manufacturer's specifications. Fleisher has the right to test and/or inspect the repairs as part of S & S's pre-printed contract forms. S & S simply would not

share the needed data of engine performance from the sea trial and refused to allow Fleisher's experts access to the engine room to take instrument readings.  It has become painfully obvious that the engines are not performing to the manufacturer's specifications and that S & S has not performed its work properly or completely under the contracts.  S & S also refused to share its expert's engine testing and instrument recordings and oil test analysis with both Fleisher **and the Court at the evidentiary hearing.**  Indeed, S & S failed to call its engine expert to the stand to testify in support of S & S's cause and the data taken during the sea trial.  The reason is obvious, S & S feared cross-examination and the truth about the engines' performance.  S & S has not provided the Court with any evidence to enable it to determine a release bond based on a amount for services and goods that were actually provided to the vessel and worked.  The Court cannot reasonably set a release bond when S & S failed to provide evidence of what was done and its reasonable value to the vessel.

7. Fleisher stands to lose over $100,000 for more faulty work on the part of S & S.  It is simply not equitable for the Court to require Fleisher to post security to release his vessel when he has already paid S & S over $100,000 for faulty work that has not provided any benefit to the vessel and there is no evidence supporting what was actually done, that it costs a sum certain or that it was a working repair.  When the arrest is vacated or the vessel is released, Fleisher will need it **towed** to his dock because the engines don't work and the job is not completed.

WHEREFORE, Claimant/Owner, Paul Fleisher, requests this Court vacate the vessel's arrest or, in the alternative, set a nominal bond amount of $1.00 so he can recover have the engines repaired correctly and the unfinished work completed.  In addition, Fleisher requests the Court award Fleisher his attorney's fees, damages and costs as provided for in the Local Rules and general maritime law along with other relief this Court deems proper.

DATED:   May 13, 2011.

        Respectfully submitted,

        STROUP & MARTIN, P.A.
        Attorneys for Defendants/Counter-Plaintiff
        119 Southeast 12th Street
        Fort Lauderdale, FL 33316
        Telephone: (954) 462-8808
        Facsimile: (954) 462-0278
        E-mail:  jstroup@strouplaw.com

        By:   */s/ James W. Stroup*
            JAMES W. STROUP
            Florida Bar No.: 0842117

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing has been electronically filed with this Court's EC/CMF docketing system, on this 13th day of May, 2011.  We further certify that a copy of the foregoing document is being delivered this same date via CM/ECF to: William E. Stacey, Jr., Esq., William Stacey P.A., Attorney for Plaintiff/Counter-Defendant, P.O. Box 460053, Fort Lauderdale, Florida  33346.

        By:   */s/ James W. Stroup*
            JAMES W. STROUP
            Florida Bar No.: 0842117